# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIPOD, LLC, a New Jersey limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DAVISREED CONSTRUCTION INC., a California corporation, and DOES 1 through 10,<br><br>Defendant. | Case No.: 3:17-cv-00747-H-WVG<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DISMISS**<br><br>[Doc. No. 12] |

On April 13, 2017, Plaintiff AmeriPOD, LLC ("Plaintiff") filed a complaint against Defendant davisREED Construction, Inc. ("Defendant"), alleging breach of contract and various related causes of action. (Doc. No. 1.) On May 22, 2017, Defendant filed an answer, asserting twelve counterclaims. (Doc. No. 10.) On June 12, 2017, Plaintiff filed a motion to dismiss ten of Defendant's counterclaims pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 12.) On June 26, 2017, Defendant filed an opposition to Plaintiff's motion. (Doc. No. 14.) On July 30, 2017, Plaintiff filed a reply. (Doc. No. 16.) The Court submitted the motion to dismiss, pursuant to Local Rule 7.1(d)(1), on June 29, 2017. (Doc. No. 15.)

///

1

3:17-cv-00747-H-WVG

## BACKGROUND

The following facts are taken from Defendant's answer and counterclaims. (Doc. No. 10.) At the motion to dismiss stage, the Court accepts as true all facts alleged, and draws all reasonable inferences in favor of the claimant. See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014).

Defendant is a construction contractor who was engaged to build the Argyle Hotel in Los Angeles, California ("the Project"). (Doc. No. 10 at ln. 16:15-18.) Defendant subsequently engaged Plaintiff as a subcontractor to provide prefabricated modular bathroom units ("pods") for the Project. (Id. at ln. 16:19-17:3.) During the installation of the pods, Defendant discovered that some of the shower floors were faulty and leaked. (Id. at ln. 17:13-18.) Defendant's investigation revealed the pods were damaged during transport by Plaintiff. (Id. at ln. 18:4-5.) Defendant notified Plaintiff of the defects but Plaintiff failed to resolve the issues or remediate the harm caused by the leaky pods. (Id. at ln. 17:13-24.) Defendant alleges that Plaintiff subsequently abandoned the Project and, on February 22, 2017, Defendant issued a 48-Hour Notice, informing Plaintiff that it was taking steps to supplement the workforce to address Plaintiff's abandonment. (Id. at ln. 18:6-15.) Plaintiff failed to timely respond to the 48-Hour Notice and, as a result, Defendant terminated Plaintiff from the Project for cause. (Id. at ln. 18:16-19.) Defendant alleges that Plaintiff's actions resulted in damage to various aspects of the Project beyond the pods, including structural elements. (Id. at ln. 18: 23-27.)

///
///
///
///
///
///
///
///

# DISCUSSION

In its answer, Defendant asserts twelve counterclaims. (Doc. No. 10 at 19-27.) Plaintiff moves to dismiss ten of these counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 12.) Plaintiff argues these claims inappropriately attempt to reframe Defendant's breach of contract claim and fail to allege sufficient facts. The Court disagrees. Defendant is entitled to plead alternative theories of liability and has alleged sufficient facts to state its various causes of action. As such, the Court denies the motion to dismiss.

## I. MOTION TO DISMISS STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the claimant has failed to state a claim upon which relief can be granted. See Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011). Federal Rule of Civil Procedure 8(a)(2) only requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The pleading need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557). Accordingly, dismissal for failure to state a claim is proper where the claim "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

In reviewing a Rule 12(b)(6) motion to dismiss, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the claimant. See Retail Prop. Trust, 768 F.3d at 945. But a court need not accept "legal conclusions" as true. Iqbal, 556 U.S. at 678. Further, it is improper for a court to assume the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). A court may consider documents incorporated into the complaint by reference and items that are proper subjects of judicial notice. See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010).

## II. ANALYSIS

### A. Promissory Estoppel

Plaintiff argues that Defendant's counterclaim for promissory estoppel should be dismissed because there is a valid contract defining the parties' rights as to the subject. (Doc. No. 12-1 at 9.) Defendant opposes the motion, arguing that the promissory estoppel claim is properly plead as an alternative theory of liability given that the parties dispute various terms of the contract. (Doc. No. 14 at 4.)

At the pleadings stage, a claimant is free to plead inconsistent theories of liability. Fed. R. Civ. P. 8(d)(3). These inconsistent theories may be premised on contradictory statements of fact so long as the pleader has a legitimate doubt about the underlying facts. Fed. R. Civ. P. 8(e)(2) (pleadings are subject to Rule 11 obligations); 5 Wright and Miller, Federal Practice and Procedure § 1285 (3d ed. 2017) ("A party therefore should not set forth inconsistent . . . statements in the pleadings unless, after a reasonable inquiry, the pleader legitimately is in doubt about the factual background or legal theories supporting the claims.").

Defendant's promissory estoppel claim was properly plead. To prove its claim of promissory estoppel, Defendant must show (1) Plaintiff made a clear and unambiguous promise, (2) Defendant relied on the promise, (3) the reliance was reasonable and

foreseeable, and (4) Defendant was injured by its reliance. Sateriale v. R.J. Reynolds Tobacco Co., 697 F.3d 777, 792 (9th Cir. 2012). Defendant has alleged sufficient facts to establish each element at the pleadings stage. (See Doc. No. 10 at 19-20.) Defendant alleges that Plaintiff promised to deliver prefabricated bathroom pods meeting or exceeding certain requirements, (id. ¶ 31), that Defendant reasonably relied upon this promise, (id. ¶ 32), and was subsequently injury by Plaintiff's failure to deliver as promised, (id. ¶ 34).

The fact that Defendant separately alleges Plaintiff breached the parties' express contract through its failure to deliver conforming pods does not change this analysis at the motion to dismiss stage. Generally, a party cannot recover for both a claim of promissory estoppel and a breach of contract with regard to the same subject matter. Paracor Fin., Inc. v. Gen. Elec. Capital Corp., 96 F.3d 1151, 1167 (9th Cir. 1996) (quoting Chrysler Capital Corp. v. Century Power Corp., 778 F.Supp. 1260, 1272 (S.D.N.Y. 1991)) ("the existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi-contract."); accord Douglas E. Barnhart, Inc., 221 Cal.App.4th at 242. However, when the parties dispute the terms of a contract at the motion to dismiss stage—before any factual development— it will be difficult to determine whether the claims for promissory estoppel and breach of contract concern the same particular subject matter. Rowland v. JPMorgan Chase Bank, N.A., 2014 WL 992005, at *6 (N.D. Cal. 2014) ("Because the validity of the terms of the contract may be disputed, Plaintiffs may plead their claims in the alternative and the court denies the motion to dismiss [the promissory estoppel claim]"); Trunov v. Rusanoff, 2012 WL 6115608, at *3 (N.D. Cal. 2012) (denying plaintiff's motion to dismiss counterclaim of promissory estoppel because the terms of the contract were in dispute). In such situations, it is appropriate for a claimant to plead both promissory estoppel and breach of contract. Id. That is the case here: both parties dispute the terms of the contract, arguing they performed their obligations under the contract while the other party failed to do so.

(Compare Doc. No. 1 ¶¶ 10-12 with Doc. No. 10 at 17, ¶ 16.) As such, this dispute is better resolved at summary judgment, when the facts have been more fully established.

Plaintiff's reliance on Total Coverage, Inc. v. Cendant Settlement Servs. Grp., Inc., 252 Fed.Appx. 123 (9th Cir. 2007), does not help it. As a threshold matter, the Court notes that the opinion in Total Coverage was unpublished and, thus, is not binding on this Court. 9th Cir. R. 36-3(a). Furthermore, the reasoning in Total Coverage does not change the outcome here. There, the Ninth Circuit found that the parties agreed "that the express contract govern[ed] the relationship between the parties." Total Coverage, 252 Fed.Appx. at 126. Here, in contrast, there is a dispute regarding the parties' obligations under the contract. Plaintiff alleges that its steps to remediate the defective pods satisfied its obligations, (Doc. No. 1 ¶¶ 10-12), while Defendant contends they did not, (Doc. No. 10 at 17, ¶ 16). In light of these disputes, Defendant may plead alternative theories of liability and any dispositive decision on the matter is better left for summary judgment. Rowland, 2014 WL 992005, at *6; Trunov, 2012 WL 6115608, at *3.

**B. Quantum Meruit**

"Quantum meruit refers to the well-established principle that the law implies a promise to pay for services performed under circumstances disclosing that they were not gratuitously rendered." Huskinson & Brown, LLP v. Wolf, 32 Cal.4th 453, 458 (2004). The party seeking recovery must "show the circumstances were such that the services were rendered under some understanding or expectation of both parties that compensation therefor was to be made." Id.; accord E.J. Franks Constr., Inc. v. Sahota, 226 Cal.App.4th 1123, 1128 (2014) ("In other words, quantum meruit is equitable payment for services already rendered."); Reinicke v. Creative Empire LLC, 38 F.Supp.3d 1192, 1205 (S.D. Cal. 2014) ("Quantum meruit is based not on the intention of the parties, but rather on the provision and receipt of benefits and the injustice that would result to the party providing those benefits absent compensation."). The understanding or expectation of payment can be based on either an express or implied request for services. Advanced Choices, Inc. v. Dept. of Health Servs., 182 Cal.App.4th 1661, 1673 (2010).

Defendant has alleged sufficient facts to state a claim for quantum meruit. Defendant alleges that Plaintiff was obligated to remedy the defective pods, as well as any other damage resulting from their defect. (Doc. No. 10 at 17, ¶ 12.) When Plaintiff failed to do so, Defendant sent Plaintiff a 48-Hour Notice, indicating that it intended to procure additional services, equipment, and material to address the defect. (Id. at 18, ¶ 19.) Plaintiff failed to timely respond and Defendant proceeded with its plan to remedy the defect. (Id. ¶ 20-22.) Taking these facts as true, and drawing all inferences in Defendant's favor, one could conclude that the circumstances are such that Defendant rendered services for Plaintiff with the expectation it would be compensated. Huskinson & Brown, 32 Cal.4th at 458; see also Advanced Choices, 182 Cal.App.4th at 1673 (stating that a request for services can be implied). As such, Defendant has stated a claim.

Plaintiff's argument that Defendant's quantum meruit claim fails because of the parties' contractual relationship is unavailing. (Doc. No. 12-1 at 18.) At the pleadings stage, litigants can plead alternative theories of liability. Fed. R. Civ. P. 8(d)(3). Thus "it is not improper for a plaintiff to pursue contract and quasi-contract claims simultaneously." LePatner & Assocs., LLP. V. Thomas Jefferson School of Law, 2014 WL 12666881, at *4 (S.D. Cal. 2014) (citing Munoz v. MacMillan, 195 Cal.App.4th 648, 661 (2011) ("[W]e are unaware of any authority for the proposition that the existence of a remedy in restitution precludes a plaintiff from suing on an express contract.")). Defendant may not be able to ultimately recover under both theories, but this argument is more appropriately addressed at summary judgment, after the facts have been developed. See DPR Constr. v. Shire Regenerative Medicine, Inc., 204 F.Supp.3d 1118, 1131 (S.D. Cal. 2016) (granting summary judgment for defendant on quantum meruit claim seeking recovery on the same subject matter as plaintiff's contract claim).

///
///
///

**C. Equitable Indemnity**

To plead a claim of equitable indemnity, Defendant must allege "(1) a showing of fault on the part of the indemnitor and (2) resulting damages to the indemnitee for which the indemnitor is contractually or equitably responsible. Expressions at Rancho Niguel Ass'n v. Ahmanson Devs., Inc., 86 Cal.App.4th 1135, 1139 (2001). "[T]he obligation of equitable indemnity arises from 'equitable considerations, brought into play either by contractual language not specifically dealing with indemnification or by the equities of the particular case.'" American Licorice Co. v. Total Sweeteners, Inc., 2014 WL 892409, at *5 (N.D. Cal. March 4, 2014) (quoting Bay Dev., Ltd. V. Superior Court, 50 Cal.3d 1012, 1029 (1990)).

Defendant has alleged sufficient facts to plead a case of equitable indemnity. Defendant alleges Plaintiff is at fault for delivering defective pods and subsequently failing to remedy the defect. (Doc. No. 10 at 17, ¶ 16.) As such, Defendant allegedly incurred damages for which Plaintiff is contractually or equitably responsible. (Id. at 18, ¶¶ 19-20.)

The Court rejects Plaintiff's argument that Defendant's equitable indemnity claim should be dismissed because it is eclipsed by the indemnity clause in the parties' contract. The Court is not in a position to rule on the scope of the indemnity clause and this argument is better addressed at summary judgment, once the facts have been developed. See Unichappell Music, Inc. v. Modrock Prod., LLC, 2015 WL 546059, at *3 (C.D. Cal. Feb. 10, 2015) (denying motion to dismiss equitable indemnity claim because parties "may plead contradictory alternative theories").

**D. Contribution and Apportionment**

Plaintiff challenges Defendant's claim of contribution and apportionment on the grounds that this equitable remedy is unavailable in light of the existence of an express contract covering the same subject matter. (Doc. No. 12-1 at 20-21.) As with Defendant's other equitable claims, the Court denies Plaintiff's motion to dismiss as the issue is better resolved at summary judgment. See Restatement (Third) of Torts:

Apportionment Liab. § 23 (2000) ("A person may seek both indemnity and contribution as alternative theories of recovery, but a person may not recover under both theories.").

**E. Negligence**

To state a claim of negligence, Defendant must allege (1) Plaintiff owed Defendant a duty, (2) Plaintiff breached that duty, and (3) the breach was a proximate cause of Defendant's damages. Lockheed Martin Corp. v. Superior Court, 29 Cal.4th 1096, 1106 (2003). "A person may not ordinarily recover in tort for the breach of duties that merely restate contractual obligations." Aas v. Superior Court, 24 Cal. 4th 627, 643 (2004), superseded by statute on other grounds as stated in Rosen v. State Farm Gen. Ins. Co., 30 Cal. 4th 1070, 1079 (2003). To recover, a claimant must allege "some independent duty arising from tort law." Erlich v. Menezes, 21 Cal.4th 543, 554 (1999). Where a contract involves the provision of services, the service provider has "an independent tort law duty to perform their services in a competent and reasonable manner." Land O'Lakes, Inc. v. Dairyamerica, Inc., 2017 WL 495644, at *3 (E.D. Cal. Feb. 6, 2017); see also Music Group Macao Commercial Offshore Limited v. Foote, 2015 WL 3882448, at *16 (N.D. Cal. June 23, 2015).

Plaintiff argues Defendant's negligence claim should fail because Plaintiff owed Defendant no duty apart from its contractual obligations. (Doc. No. 12-1 at 11.) Plaintiff, however, has plead sufficient facts to establish an independent duty at this stage. Defendant alleges that Plaintiff was negligent while performing the service of "delivering and installing [] pods." (Doc. No. 10 at 20, ¶ 37.) Taking these facts as true, and drawing all inferences in favor of Defendant, Plaintiff was providing services that gave rise to an independent duty to perform such services in a competent and reasonable manner. Land O'Lakes, 2017 WL 495644, at *3. Because Defendant has also alleged facts tending to show a breach of this duty and resulting injuries, Defendant has properly plead a claim of negligence.

Plaintiff argues that the independent duty for services is limited to "the ambit of a professional services contract" and the disputed contract did not involve those. (Doc. No.

9

16 at 4.) Even if that is so, determining whether a contract involves professional services is premature at the motion to dismiss stage. E.g., City and County of San Francisco v. Cambridge Integrated Services Group, Inc., 2007 WL 1970092, at *5 (N.D. Cal. July 2, 2007) ("it would be premature to make such a determination at the motion to dismiss stage"). As such, the Court denies the motion to dismiss Defendant's negligence claim.

### F. Breach of Warranty

To plead a claim of breach of express warranty, Defendant must allege (1) an affirmation of fact or promise or a description of the goods, (2) that was part of the basis of the bargain, and (3) a breach of said promise or description. Weinstat v. Dentsply Int'l, Inc., 180 Cal.App.4th 1213, 1227 (2010). No "formal words" are required to create an express warranty, Cal. Comm. Code § 2313(2), but a claimant must allege the exact terms of the warranty. Williams v. Beechnut Nutrition Corp., 185 Cal.App.3d 135, 142 (1986).

Plaintiff moves to dismiss Defendant's breach of warranty counterclaim, arguing that Defendant has not alleged the exact terms of the warranty or facts supporting a breach of the warranty. (Doc. No. 12-1 at 12.) The Court disagrees.

Defendant has sufficiently stated the terms of a warranty. Defendant alleges that Plaintiff "warrantied that, to the extent the Project was impacted by its work under the Subcontract, it would return the Project in good condition." (Doc. No. 10 at 21, ¶ 41.) Furthermore, Defendant's counterclaims incorporate by reference the underlying contract between the parties, which provides:

> Subcontractor warrants to . . . the Contractor that all materials and equipment furnished shall be new unless otherwise specified, and that all Subcontract Work shall be of good quality, free from faults and defects and in conformance with the Contract Documents. Subcontractor shall at its sole cost, inspect the Subcontract Work in place upon the request by . . . Contractor to investigate any alleged defect in Subcontract Work and shall

>     promptly replace defective materials, workmanship and equipment and re-
>     execute defective work.

(Doc. No. 1 at 24, ¶ 20; see also Doc. No. 10 at 16, ¶ 9.) Such warranties are sufficiently exact. See Williams, 185 Cal.App.3d at 142 (finding as sufficiently exact the warranty that "said product was effective, proper and safe for is intended use").

Similarly, Defendant has alleged sufficient facts to plead a breach of Plaintiff's warranty. Defendant alleges that Plaintiff delivered defective pods, which damaged the Project. (Doc. No. 10 at 21, ¶ 43.) Defendant further alleges that Plaintiff subsequently failed to remedy either the defective pods or the damage they caused before abandoning the project and, thus, failed to return the Project in good condition. (Id. ¶¶ 27, 43.) Taking these facts as true, Defendant has sufficiently alleged Plaintiff breached its warranties and the Court denies Plaintiff's motion to dismiss Defendant's breach of warranty counterclaim.

**G. Intentional Interference with Contract**

To plead a claim of intentional interference with contract, Defendant must plead "(1) a valid contract between [Defendant] and a third party; (2) [Plaintiff's] knowledge of the contract; (3) [Plaintiff's] intentional acts designed to induce a breach or disruption of a contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." Guidiville Band of Pomo Indians v. NGV Gaming, Ltd., 531 F.3d 767, 774 (9th Cir. 2008) (quoting Tuchscher Dev. Enters., Inc. v. San Diego Unified Port Dist., 106 Cal.App.4th 1219, 1239 (2003)) (internal quotation marks omitted).

Plaintiff moves to dismiss the intentional interference with contract claim on the grounds that Defendant fails to allege that Plaintiff acted intentionally. (Doc. No. 12-1 at 13.) Defendant can establish the requisite intent by alleging that Plaintiff knew or was substantially certain a breach or disruption would occur as a result of its action. Tuchscher Dev. Enters., 106 Cal.App.4th at 1239. Defendant has done so.

Defendant alleges that Plaintiff "willfully refus[ed] to meet the agreed terms of the Subcontract, and then totally and affirmatively abandon[ed] the Project." (Doc. No. 10 at 22, ¶ 48.) At this time, Defendant alleges that Plaintiff knew about the contractual relationship between Defendant and the Argyle Hotel, LLC ("the Project Owner"). (Doc. No. 10 at 22, ¶ 47.) Indeed, the relationship was set forth explicitly in the Subcontract between Plaintiff and Defendant. (Doc. No. 1 at 16.) Taking these facts as true, and drawing all inferences in favor of Defendant, one could conclude that Plaintiff "knew or was substantially certain" that their actions would disrupt the relationship between Defendant and the Project Owner. Tuchscher Dev. Enters., 106 Cal.App.4th at 1239; accord Quelimane Co. v. Stewart Title Guaranty Co., 19 Cal.4th 26, 56 (1998) (a claim for intentional interference with contract lies where "an interference [] is incidental to the actor's independent purpose and desire but known to him to be a necessary consequence of his action").

Defendant has also alleged sufficient facts to plead the remaining elements of an intentional interference with contract claim. Defendant alleges it had a valid contract with Argyle Hotel, LLC ("the Project Owner") for the construction of the Project. (Doc. No. 10 at 16, ¶ 8.) Defendant alleges that Plaintiff knew of the contractual relationship between Defendant and the Project Owner as a result of being engaged as a subcontractor on the project. (Id. at 22, ¶ 47.) Finally, Defendant alleges that Plaintiff's acts "severely impacted [its] ability to timely complete the Project", thereby subjecting Defendant to "threats and/or the imposition of liquidated damages" and possibly permanently damaged the relationship between Defendant and the Project Owner. (Doc. No. 10 at 22, ¶ 49.) This is sufficient at the pleadings stage as it provides Plaintiff with "fair notice." Twombly, 550 U.S. at 555. Thus, the Court denies Plaintiff's motion to dismiss Defendant's counterclaim of intentional interference with contract.

**H. Unfair Competition**

California Business and Professional Code § 17200 prohibits unfair competition, including "any unlawful, unfair or fraudulent business act." Section 17200's coverage is

"sweeping, embracing anything that can properly be called a business practice and that at the same time is forbidden by law." Cal-Tech Comms., Inc. v. Los Angeles Cellular Tel. Co., 20 Cal.4th 163, 180 (1999) (quoting Rubin v. Green, 4 Cal.4th 1187, 1200 (1993)) (internal quotation marks omitted). This includes "any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." Saunders v. Superior Court, 27 Cal.App.4th 832, 838-39 (1994).

The Ninth Circuit has held that an intentional interference with contract can form the basis of a § 17200 claim. CRST Van Expedited, Inc. v. Werner Enterps. Inc., 479 F.3d 1099, 1107 (9th Cir. 2007). There, the Court explained that:

> CRST adequately alleged that Werner violated [§ 17200] because CRST adequately alleged that Werner engaged in an 'unlawful' business act or practice that allegedly harmed CRST, namely, intentional interference with CRST's employment contracts . . . . [I]ntentional interference with contract is a tortious violation of duties imposed by law.

Id. (citing Korea Supply Co. v. Lockheed Martin Corp., 29 Cal.4th 1134, 1143 (2003)).

Here, as already explained, Defendant has properly plead a claim for intentional interference with contract. As such, Defendant has adequately alleged an unlawful act for purposes of § 17200 and the Court denies Plaintiff's motion to dismiss Defendant's counterclaim.

**I. Declaratory Judgment**

Federal courts have the power to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. This power is discretionary, and courts consider various factors in deciding whether the relief is appropriate. 28 U.S.C. § 2201(a) ("[courts] may declare the rights and other legal relations of any interested party"); MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 136 (2007) ("[we] vest district courts with discretion in the first instance, because facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are

peculiarly within their grasp"); Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1107 (9th Cir. 2011) (listing factors).  A cause of action for declaratory relief does not state an independent action, but rather "merely seeks relief."  Audette v. Int'l Longshoremen's and Warehousemen's Union, 195 F.3d 1107, 1111 n.2 (9th Cir. 1999).

To properly plead a claim of declaratory relief, Defendant need only allege facts showing "there is a substantial controversy, between parties having adverse legal interest, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007).  This showing is satisfied where a party has a "real and reasonable apprehension the he will be subject to liability."  Spokane Indian Tribe v. U.S., 972 F.2d 1090, 1092 (9th Cir. 1992) (quoting Hal Roach Studios, Inc. v. Richard Feiner and Co., 892 F.2d 1542, 1555 (9th Cir. 1990)). As both parties assert claims against the other, it cannot be doubted there is a substantial controversy regarding the rights Defendant seeks declared.  (See Doc. Nos. 1, 10.)  For example, as a result of Plaintiff's breach, Defendant is subject to "claims, demands, causes of action or other liabilities" and argues it should be indemnified by Plaintiff for such liabilities.  (Doc. No. 10 at 24, ¶ 62.)  Plaintiff, however, claims it performed all of its obligations under the contract.  (Doc. No. 1 at 3, ¶ 11.)  As there is real controversy concerning the parties' rights, Defendant has properly plead their claim for declaratory relief and the Court has jurisdiction of such claim.

Plaintiff argues that the Court should dismiss the claims for declaratory relief because they are duplicative of the other claims asserted by Defendant.  (Doc. No. 12-1 at 21.)  In support, Plaintiff cites to cases declining to entertain declaratory judgment actions that are "duplicative."  E.g., Tech. & Intellectual Prop. Strategies Grp. PC v. Fthenakis, 2011 WL 3501690, at *10 (N.D. Cal. 2011) ("the availability of other adequate remedies may make declaratory relief inappropriate").  At this stage, however, the Court cannot say that declaratory relief will be duplicative.  As such, this argument is more appropriately addressed at summary judgment.

///

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's motion to dismiss Defendant's counterclaims.

**IT IS SO ORDERED.**

DATED: July 11, 2017

_____
Hon. Marilyn L. Huff
United States District Judge