UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIPOD, LLC,<br>                  Plaintiff/Counter-Defendant,<br>v.<br>DAVISREED CONSTRUCTION, INC.,<br>                  Defendant/Counter-Claimant. | Case No.: 17-CV-747-H-WVG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO CONTINUE DISCOVERY** |

On September 14, 2018, the parties jointly alerted the Court to a pending discovery dispute regarding Plaintiff/Counter-Defendant Ameripod wanting to designate an additional expert witness. For the reasons that follow, the Court **GRANTS IN PART** and **DENIES IN PART** Ameripod's request.

## I. RELEVANT BACKGROUND

On January 19, 2018, the Court entered a Scheduling Order setting fact discovery to conclude on May 25, 2018, ordered expert witness designation be completed on or before June 8, 2018, ordered rebuttal expert witness designation be completed on or before June 22, 2018, and expert discovery to conclude on August 31, 2018. (See ECF No. 28 at ¶¶ 2-4, 6.) On May 17, 2018, the parties jointly moved the Court for an order continuing the fact discovery deadline as well as the Mandatory Settlement Conference ("MSC"). (ECF No. 31.) The Court granted the request to continue the MSC but denied the request to continue

fact discovery because the parties did not provide the good cause necessary. (ECF No. 32.) On July 16, 2018, the parties jointly moved to continue the remaining expert discovery deadlines, the MSC, and pretrial motion deadline in order to pursue private mediation. (ECF No. 33.) Finding good cause, the Court granted the parties' request and ordered expert reports be exchanged on or before September 18, 2018, rebuttal expert reports exchanged on or before October 2, 2018, and the conclusion of expert discovery on October 30, 2018. (ECF No. 34 at ¶¶ 1-3.)

On September 14, 2018, the parties alerted the Court to the present discovery dispute. The Court ordered the parties to submit briefing on the matter, which the parties timely completed. On September 19, 2018, the Court convened a telephonic discovery conference with the parties.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure ("Rule") 16(b)(3), a district court is required to enter a pretrial scheduling order that "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). The scheduling order "controls the course of the action unless the court modifies it [ ]" and Rule "16 is to be taken seriously." Fed. R. Civ. P. 16(d); *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). Indeed, parties must "diligently attempt to adhere to [the Court's] schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). "A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)).

Rule 16(b)(4) "provides that a district court's scheduling order may be modified upon a showing of 'good cause,' an inquiry which focuses on the reasonable diligence of the moving party." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n. 6 (9th Cir. 2007); citing *Johnson*, 975 F.2d at 609. In *Johnson*, the Ninth Circuit explained,

…Rule 16(b)'s "good cause" standard primarily concerns the diligence of

the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)…[T]he focus of the inquiry is upon the moving party's reasons for seeking modification…If that party was not diligent, the inquiry should end.

*Johnson*, 975 F.2d at 609.

In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference…" *Jackson*, 186 F.R.D. at 608.

The parties may stipulate to various procedures concerning discovery, however "a stipulation extending the time for any form of discovery must have court approval if it would interfere with the time set for completing discovery, for a hearing motion, or for trial." Fed. R. Civ. P. 29(b).

## III. DISCUSSION

Ameripod seeks leave to designate an additional expert witness and to depose six additional percipient witnesses notwithstanding the fact that fact discovery and expert designation were to be completed over three months ago. Ameripod argues this is necessary because it has added new counsel, Kevin McConville of Wayne Thomas & Associates, in addition to its current counsel. (Mot., ECF No. 39 at 2:15-28.)

Davisreed argues good cause does not exist to add expert witnesses because the expert witness designation deadline has passed and the parties agreed to conduct only four additional percipient witness depositions after the close of discovery. (Opp'n, ECF No. 40 at 3:24-4:2; 7:8.)

Both parties have overstepped the boundaries of appropriate conduct in this matter. Deadlines mean something and the Court expects the parties in this case, and all cases, to

3

17-CV-747-H-WVG

abide by the deadlines set forth in scheduling orders. The recent addition of new counsel, not substituted counsel, for Ameripod does not excuse Ameripod's failure to designate a plumbing and pod installation expert in a timely fashion nor justify allowing it to do so well after the expiration of the designation deadline. Moreover, by disregarding the fact discovery deadline and stipulating to depose witnesses months after fact discovery closed, the parties have blatantly disregarded an order of this Court and violated Rule 29(b) all while knowing the Court had explicitly denied their request to extend fact discovery. The Court would be well within its discretion to not only deny the present motion but to impose sanctions.

Notwithstanding the above, the Court, in its discretion, will allow very limited and targeted discovery to ameliorate any prejudice either of the party may suffer as a result of their collective misgivings. Cases should be decided on the merits and not based on the failures of counsel.

## CONCLUSION AND COMPLIANCE MONITORING

For the foregoing reasons, Ameripod's motion is **GRANTED IN PART AND DENIED IN PART**. Accordingly, the parties are **ORDERED** as follows:

(1) Ameripod may designate an additional expert on or before **September 19, 2018**;

(2) Davisreed may designate an expert in rebuttal;

(3) The reports for both newly designated experts shall be exchanged on or before **October 2, 2018**;

(4) Davisreed may select one additional percipient witness to depose. The deposition must be completed no later than **October 10, 2018**;

(5) Ameripod may select two additional percipient witnesses to depose. The depositions must be completed no later than **October 10, 2018**;

(6) No additional fact discovery may be conducted;

(7) Expert discovery shall be completed on or before **October 30, 2018**, as previously scheduled.

For the purposes of monitoring the parties' compliance with this Order, **IT IS**

4

17-CV-747-H-WVG

**FURTHER ORDERED** that:

(1) Ameripod shall lodge the contact information for its designated expert witness on or before September 19, 2018[1];

(2) Service of reports must be lodged with the Court on the same date on which the reports are served;

(3) The parties shall lodge with the Court the names of each percipient witness designated by the parties once they are determined;

(4) The parties shall jointly notify via a lodgment that a deposition has been completed at the conclusion of each deposition.

The parties are further admonished that no additional fact discovery may be conducted outside of the discovery outlined above. The Court will not entertain any discovery disputes or any requests to continue deadlines. No follow-up discovery may occur as a result of information gleaned from the allowed depositions.

**IT IS SO ORDERED**.

Dated: September 26, 2018

Hon. William V. Gallo
United States Magistrate Judge

---

[1] Ameripod timely lodged its notice designating its expert witness.