# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIPOD, LLC,<br><br>         Plaintiff,<br><br>v.<br><br>DAVISREED CONSTRUCTION, INC. and DOES 1-10,<br><br>         Defendants. | Case No.: 3:17-cv-00747-H-WVG<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART MOTION CONCERNING LACK OF STANDING**<br><br>**(2) PERMITTING ASSIGNEE TO FILE A MOTION TO SUBSTITUTE IN AS PLAINTIFF PURSUANT TO RULE 25(c)**<br><br>[Doc. No. 53] |

  On November 21, 2018, Defendant davisREED Construction, Inc. ("Defendant") filed a motion to dismiss or, in the alternative, a motion for judgment on the pleadings. (Doc. No. 53.) On December 26, 2018, Plaintiff AmeriPOD, LLC ("Plaintiff") filed a

response. (Doc. No. 55.) On January 2, 2019, Defendant filed a reply. (Doc. No. 56.) On January 4, 2019, the Court submitted the motion on the parties' papers. (Doc. No. 57.)

In its motion, Defendant contends that, on July 31, 2017, Plaintiff assigned to another its rights to sue Defendant. (Id. at 3.) Plaintiff does not dispute that the deed of assignment for the benefit of creditors assigned to Steven Mitnick ("the assignee") all of Plaintiff's "goods and chattels, bonds, notes, books of account, contracts, rights, and credits . . . whatsoever and wheresoever." (See Doc. Nos. 55 at 6; 53-3 at 89.) The parties also agree that the assignment occurred after Plaintiff brought this case. (Doc. Nos. 55 at 5; 53-1 at 4–5.) In addition, Plaintiff asserts that the assignee hired the same law firm to prosecute all outstanding claims Plaintiff had against Defendant with respect to this suit and that the Superior Court of New Jersey ordered the law firm to serve as special litigation counsel over this case. (Doc. Nos. 55 at 8; 55-3 at 6, 7.)

The Court grants Defendant's motion in part. "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." Clapper v. Amnesty Int'l USA, 568 U.S. 398, 408 (2013) (internal quotations omitted). "The question of standing is not subject to waiver." United States v. Hays, 515 U.S. 737, 742 (1995). Based on the undisputed assignment for the benefit of creditors, Plaintiff no longer has standing to sue.[1] (See Doc. No. 53-3 at 89.) For good cause shown, the Court grants relief from the scheduling order setting a deadline of February 8, 2018 for any motion to join other parties as there appears to be no prejudice that would result from a substitution based on the assignment. Fed. R. Civ. P. 16(b)(4). (Doc. No. 28.) The Court grants Defendant's motion in part and permits the assignee, within thirty (30) days of this order, to file a motion to substitute in as a plaintiff in the action or else advise the Court if he declines to do so. See Rule 25(c). The Court declines to dismiss the action with

---

[1] The Court considers Defendant's motion under the Rule 56 summary judgment standard. See Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.")

prejudice at this stage in the proceeding.  Finally, the Court notes that AmeriPOD, LLC remains a party in the action as a counter-defendant to Defendant's counterclaims.

**IT IS SO ORDERED.**

DATED: January 9, 2019

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT