UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MITNICK, Assignee for the Benefit of Creditors,<br><br>          Plaintiff,<br><br>v.<br><br>DAVISREED CONSTRUCTION, INC., a California Corporation,<br><br>          Defendant.<br>_____<br>DAVISREED CONSTRUCTION, INC., a California Corporation,<br><br>          Counterclaimant,<br><br>v.<br><br>AMERIPOD, LLC, a New Jersey limited liability company,<br><br>          Counter-Defendant. | Case No.: 3:17-cv-00747-H-WVG<br><br>**ORDER DENYING COUNTER-DEFENDANT'S MOTION TO DISMISS**<br><br>[Doc. No. 64] |

On February 25, 2019, Counter-Defendant AmeriPOD, LLC ("AmeriPOD") filed a motion to dismiss Defendant and Counterclaimant davisREED Construction, Inc.'s

("davisREED") counter-claims. (Doc. No. 64-1.) On March 25, 2019, davisREED filed an opposition and assignee Steven Mitnick ("Plaintiff") filed a response. (Doc. Nos. 68, 69.) On March 29, 2019, AmeriPOD filed a reply. (Doc. No. 71.) For the following reasons, the Court denies AmeriPOD's motion to dismiss davisREED's counter-claims.

## **Background**

On April 13, 2017, AmeriPOD filed suit against davisREED. (Doc. No. 1.) On May 22, 2017, davisREED filed counter-claims against AmeriPOD. (Doc. No. 10.) On February 11, 2019, the Court granted a joint motion to substitute as Plaintiff assignee Steven Mitnick ("Plaintiff") into the action in the place of AmeriPOD. (Doc. No. 63.) On March 13, 2019, the Court granted a joint motion to apply davisREED's prior answer to the complaint. (Doc. No. 67.)

Plaintiff brings claims for breach of contract, recovery on open book account, account stated, reasonable value, violation of California Business and Professions Code § 7108.5, and violation of California Civil Code § 8818. (Doc. No. 1.) Plaintiff asserts that davisREED contracted AmeriPOD to provide prefabricated modular bathroom pod units for davisREED's construction project. (Id. ¶ 2.) According to Plaintiff, AmeriPOD completed its obligations under the contract, yet davisREED failed to pay in excess of $783,527.48 owed to AmeriPOD under the contract. (Id. ¶¶ 12, 35.) davisREED filed counterclaims against AmeriPOD for: breach of contract; promissory estoppel; negligence; breach of warranty; intentional interference with contract; unfair competition pursuant to California Business and Professions Code §§ 17200 et seq.; quantum meruit; express defense and indemnity; equitable indemnity; contribution and apportionment; and declaratory relief. (Doc. No. 10 at 19–27.)

## **Discussion**

### I. Legal Standards

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. See Conservation Force v. Salazar,

646 F.3d 1240, 1241 (9th Cir. 2011). The Federal Rule of Civil Procedure 8(a)(2)'s plausibility standard governs Plaintiff's claims. The Supreme Court has explained Rule 8(a)(2) as follows:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. As the Court held in [Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)], the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (citations, quotation marks, and brackets omitted).

In reviewing a Rule 12(b)(6) motion to dismiss, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted). In addition, a court need not accept legal conclusions as true. Iqbal, 556 U.S. at 678. Further, it is improper for a court to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). Finally, a court may consider documents incorporated into the complaint by reference and items that are proper subjects of judicial notice. See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010).

If the court dismisses a complaint for failure to state a claim, it must then determine whether to grant leave to amend. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995). "A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency, or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." Telesaurus VPC, LLC v. Power, 623 F.3d 998,

1003 (9th Cir. 2010) (internal quotation marks and citations omitted).

## II. Analysis

AmeriPOD argues that it is not the real party in interest and thus cannot be sued pursuant to Rule 17 and that it does not have standing to be sued. (Doc. No. 64-1.) AmeriPOD contends that it is not the real party in interest given the Court's previous ruling, and it argues that public record documentation assigns AmeriPOD's liabilities to Plaintiff. (Id. at 12–13, 19–24.) AmeriPOD also argues that davisREED has previously admitted that AmeriPOD does not have standing to participate in this case and that davisREED is judicially estopped from arguing that AmeriPOD can be sued. (Id. at 13–19.) davisREED argues that AmeriPOD merely assigned its claim against davisREED to Plaintiff, but not its liability, and thus davisREED may pursue its claim against AmeriPOD. (Doc. No. 69 at 5–7.) The Court agrees with davisREED.

Rule 17 is not applicable at this stage in the case. Rule 17 requires that "[a]n action . . . be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17. This rule controls if the interest is transferred prior to the suit. See Hilbrands v. Far E. Trading Co., 509 F.2d 1321, 1323 (9th Cir. 1975). When the proper real party in interest changes after the case begins, Rule 25(c) controls. Id. Rule 25(c) provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). "This rule gives the court a generous discretion in connection with the continuance of actions where there has been a transfer of an interest." Hyatt Chalet Motels, Inc. v. Salem Bldg. & Const. Trades Council, 298 F. Supp. 699, 704 (D. Or. 1968) (citing Sun-Maid Raisin Grow. of Cal. v. California Pack. Corp., 273 F.2d 282, 284 (9th Cir. 1959)).

Here, davisREED may maintain its counter-claims against AmeriPOD. Pursuant to the undisputed deed of assignment for the benefit of creditors, AmeriPOD assigned to Steven Mitnick all of AmeriPOD's "goods and chattels, bonds, notes, books of account, contracts, rights, and credits . . . whatsoever and wheresoever." (See Doc. No. 64-3 at 21.)

The assignment occurred after AmeriPOD brought this case. (See Doc. Nos. 1; 64-3 at 21.) Because AmeriPOD was the proper real party in interest when the case began, Rule 25(c) controls. Thus, Rule 17 is not applicable. Any substitution would be permissive, not required under Rule 25(c). See Fed. R. Civ. P. 25(c).

Moreover, the assignment for the benefit of creditors does not transfer AmeriPOD's liability to the assignee. (See Doc. No. 64-3 at 21-22.) In fact, the assignment for the benefit of creditors says nothing about transferring liability to the assignee. (See id.) Instead, AmeriPOD argues that the corporate resolution authorizing a corporate official to assign AmeriPOD's assets and liabilities constitutes an assignment of both the assets and liabilities to the assignee. (See Doc. No. 64-1 at 16–17.) However, this corporate resolution merely authorizes the official to take action with respect to AmeriPOD's assets and liabilities. (See Doc. No. 64-3 at 24.) Under these circumstances, AmeriPOD's argument that as a result of the assignment for the benefit of creditors it lacks standing to be sued and that it is not the real party in interest is without merit.

This result is borne out in the New Jersey statute controlling such receiverships. According to the assignment for the benefit of creditors, AmeriPOD entered into the receivership in New Jersey. (See Doc. No. 64-3 at 21–22.) Assuming New Jersey law applies, the assignee's role is to arrange the debtor's assets to be distributed to creditors. See N.J.S.A. 2A:19-1, 19-13, 19-14. AmeriPOD notes that, under New Jersey law, an assignee "may compromise, settle and compound all claims, disputes and litigations of the assignor[.]" N.J.S.A. 2A: 19-13. (Doc. No. 71 at 12.) However, this provision does not require that the assignee assume the debtor's the liabilities, it simply specifies the assignee's authority over the assignor's claims, disputes, and litigation.

AmeriPOD's remaining arguments are unpersuasive. First, the Court's previous order addressed only AmeriPOD's capacity to sue davisREED, and thus does not bear on AmeriPOD's potential liability. (See Doc. No. 58.) Second, AmeriPOD argues that davisREED is judicially estopped from arguing that AmeriPOD can be sued because davisREED has allegedly previously argued otherwise. (See Doc. No. 64-1 at 13–19.)

However, issues concerning standing are not subject to waiver and must be considered by the Court. See United States v. Hays, 515 U.S. 737, 742 (1995) ("The federal courts are under an independent obligation to examine their own jurisdiction[.]"). Moreover, davisREED's previous arguments pertained to AmeriPOD's capacity to sue davisREED, rather than davisREED's capacity to sue AmeriPOD. (See Doc. No. 56.) In this context, the Court concludes that davisREED's arguments should not be judicially estopped.

## Conclusion

Accordingly, the Court denies AmeriPOD's motion to dismiss davisREED's counter-claims and, exercising its discretion, the Court declines to strike Plaintiff's response from the record as they are a party to the action.

**IT IS SO ORDERED.**

DATED: April 11, 2019

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT